15-595-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

PRESENT:  REENA RAGGI,
                DENNY CHIN,
                CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

-------------------------------------------------------------------

IN RE RESIDENTIAL CAPITAL, LLC

-------------------------------------------------------------------

GREGORY C. MORSE,
          *Appellant*,


      v.                                    15-595-bk

RESCAP BORROWER CLAIMS TRUST,
          *Appellee*.

-------------------------------------------------------------------

FOR APPELLANT:                    Gregory C. Morse, *pro se*, Murphy, Texas.

FOR APPELLEE:                    Adam Aiken Lewis, Morrison & Foerster LLP, San Francisco, California.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on January 28, 2015, is AFFIRMED.

Appellant Gregory C. Morse, proceeding pro se, appeals from the affirmance of a decision of the United States Bankruptcy Court for the Southern District of New York that disallowed and expunged his claims against Rescap Borrower Claims Trust (the "Trust") on the grounds that his proofs of claim failed to state a basis for liability against the subject debtors. We conduct a plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, assessing the bankruptcy court's legal conclusions de novo and its factual findings for clear error. See In re Lehman Bros. Holdings Inc., 761 F.3d 303, 308 (2d Cir. 2014). "The bankruptcy court's discretionary rulings with regard to such matters as scheduling and continuances are reviewed for abuse of discretion." In re Dana Corp., 574 F.3d 129, 145 (2d Cir. 2009). In conducting this review, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

For the reasons stated by the bankruptcy court in its thorough and well-reasoned opinion, we conclude that Morse failed to state claims for fraud under Texas common and statutory law, or for violations of the Racketeer Influenced and Corrupt Organizations Act,

2

18 U.S.C. § 1962; the Texas Mortgage Broker License Act, Tex. Fin. Code § 156.001, <u>et</u> <u>seq.</u>; the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, Tex. Fin. Code § 157.001, <u>et seq.</u>; or the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.41–17.63.[1]

Morse also charges the bankruptcy court with procedural errors that deprived him of due process. In particular, he complains of the court's refusal to consider certain evidence, refusal to adjourn a hearing on the Trust's objections to his proofs of claim, and <u>ex parte</u> communications with the Trust's counsel. These contentions are meritless.

The court did not err in refusing to consider certain evidence because Morse violated Fed. R. Bankr. P. 9014(b) by failing to serve these documents on the Trust in accordance with Fed. R. Civ. P. 5(b). The court also acted within its discretion in denying Morse an adjournment of the hearing on the Trust's objections. <u>See</u> <u>In re Dana Corp.</u>, 574 F.3d at 145. The court afforded Morse an opportunity to appear via telephone, which he failed to do. While Morse argues that the order denying adjournment was issued too late for him to set up a telephonic appearance he nowhere states that he actually attempted to do so. In any event, Morse was not prejudiced by the challenged denial because, as a consequence of his non-appearance at the hearing, the Trust was also prevented from orally arguing its objections.

---

[1] Morse has adopted Fed. R. Civ. P. 8(a) and 9(b) as the appropriate standards by which his statutory and fraud claims, respectively, should be evaluated, <u>see</u> Appellant Br. 23, 26; accordingly, we assume without deciding that the pleading standards set forth therein properly apply to a contested proof of claim in bankruptcy.

Finally, Morse's ex parte communications complaint is based on an email exchange in which the court instructed Trust counsel to request that Morse provide it with copies of his (subsequently excluded) evidence, in an apparent effort to ensure that those documents could be properly considered. The emails do not indicate that the court engaged counsel in any substantive discussion of the case. Rather, the exchange was purely administrative in attempting to cure Morse's own service failure. Even if this limited scheduling communication would fall within the prohibition on ex parte communications regarding "matters affecting a particular case or proceeding," Fed. R. Bankr. P. 9003(a) (emphasis added), Morse has in any case failed to show prejudice from this exchange, see Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

We have considered Morse's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4